**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IMAD JAFFAL, | : |
| Plaintiff, | : Civil Action No. 18-5237 (SRC) |
| v. | : **OPINION** |
| JOHN THOMPSON et al., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Defendants John Kelly, Lori Scialabba, Jeff Sessions, and John Thompson (collectively, the "Government"). Plaintiff Imad Jaffal ("Jaffal") has opposed the motion. For the reasons set forth below, Defendants' motion will be granted.

This case arises out of a dispute over Plaintiff's application to the Citizenship and Immigration Services of the United States for derivative citizenship. The Amended Complaint alleges that Plaintiff applied for derivative citizenship and that the application was denied. The Amended Complaint seeks relief under two alternate theories. First, Plaintiff seeks a declaratory judgment that he is a United States citizen, pursuant to 8 U.S.C. § 1503(a), which authorizes *de novo* judicial determination of an individual's United States citizenship. Second, in the alternative, Plaintiff seeks a writ of mandamus compelling Defendants to issue a certificate of naturalization for him.

1

Plaintiff contends that he is entitled to derivative citizenship pursuant to the former 8 U.S.C. § 1432(a). Congress repealed § 1432(a) with its enactment of the Child Citizenship Act of 2000, effective February 27, 2001, but all relevant events respecting Plaintiff's claim of derivative citizenship occurred prior to that effective date, and so § 1432(a) controls the derivative citizenship inquiry. Jordon v. AG of the United States, 424 F.3d 320, 328 (3d Cir. 2005). Plaintiff contends that his father was naturalized as a United States citizen on April 23, 1982, when Plaintiff was under the age of 18 and in the sole custody of his father, who had legally divorced his mother, and that these facts entitle him to derivative citizenship, pursuant to § 1432(a).

Defendants have moved for summary judgment on all counts in the Complaint.

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the

2

essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex,

3

477 U.S. at 322-23).

The parties agree that Plaintiff bears the ultimate burden of proof of entitlement to a declaration of citizenship.  See De Vargas v. Brownell, 251 F.2d 869, 871 (5th Cir. 1958) ("The burden of proof is on the claimant to prove that she is an American citizen.")  The Government moves for summary judgment on the ground that Plaintiff cannot prove entitlement to derivative citizenship.  Specifically, the Government argues that Plaintiff has no evidence to prove two essential elements of his claim: 1) Plaintiff cannot establish that a legal separation had occurred at the time of his father's naturalization; and 2) Plaintiff cannot establish that his father had legal custody of him at the time of his father's naturalization.  Because Plaintiff bears the ultimate burden of proof of entitlement to derivative citizenship, Defendants meet their initial summary judgment burden by pointing to the absence of evidence to support the nonmovant's case.

Furthermore, the Government argues that the divorce document on which Plaintiff relies to meet the legal separation requirement is not entitled to recognition under Third Circuit law.  The Government cites the requirements stated in Morgan v. AG of the United States, 432 F.3d 226, 234 (3d Cir. 2005) ("We hold that a legal separation for purposes of § 1432(a) occurs only upon a formal governmental action, such as a decree issued by a court of competent jurisdiction that, under the laws of a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties"), as well as Perrin v. Perrin, 408 F.2d 107, 109 (3d Cir. 1969) (stating that "ex parte divorce decrees in which an absent defendant is served only extraterritorially or constructively and does not actually appear or file an answer in the action" "are not recognized here.")

The summary judgment burden then shifts to Plaintiff, who, to defeat the motion, must

4

point to sufficient evidence to allow a jury to find in his favor at trial.

The relevant provisions of 8 U.S.C. § 1432(a) state:

A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

. . .

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

(4) Such naturalization takes place while such child is under the age of eighteen years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

As to the first element challenged by Defendants, the legal separation, Plaintiff contends that, as of the date of his father's naturalization, his parents had been legally divorced under the law of the Kingdom of Jordan. Plaintiff's opposition brief points to the evidence in his exhibits 1, 2, 8, and 10. Exhibit 1 is a transcript of the deposition of Plaintiff in this case. Exhibit 2 is a transcript of the deposition of Plaintiff's mother in this case. Exhibit 8 claims to be an "authorized translation" of a decree of revocable divorce issued by the Sharia Court of Amman West, dated September 12, 1981 (the "Jordanian Divorce.") The document also contains a section which states that, on January 26, 2016, the court issued a decree stating the revocable divorce had been "turned into irrevocable." Exhibit 10 claims to be an "authorized legal translation" of a "Divorce Acknowledgement Deed" issued by the South Amman Legal Court,

5

dated January 15, 2017, which states that Plaintiff's mother acknowledged to the court that she divorced her ex-husband on September 12, 1981.

Plaintiff contends that the Jordanian Divorce meets the requirement of a legal separation, but Plaintiff's opposition brief fails to effectively address the requirements of Third Circuit law, as stated in Morgan and Perrin. Plaintiff cites Morgan only in passing, and does not address the jurisdictional requirements set forth in that case. Plaintiff does address Perrin, and argues that the Government has misapplied the holding of that case. This Court disagrees: it is Plaintiff who has misunderstood Perrin. Plaintiff quotes this statement in Perrin:

> A balanced public policy now requires that recognition of the bilateral Mexican divorce be given rather than withheld and such recognition as a matter of comity offends no public policy . . .

Perrin, 408 F.2d at 111. This statement supports the Government's position, not Plaintiff's. The crucial word here is "bilateral." The Mexican divorce in Perrin was bilateral: both parents appeared, one in person and one through counsel, in the divorce proceeding in the Mexican court. Id. at 109. The crucial distinction is that, in the instant case, Plaintiff has offered no evidence that the Jordanian Divorce was bilateral. Plaintiff did not file any factual statements pursuant to Local Civil Rule 56.1(a), and so Plaintiff's factual contentions are limited to his opposition brief, which contains a section with the heading, "Statement of Facts." (Pl.'s Opp. Br. at 6.) In this section, Plaintiff alleges: "Plaintiff's father filed for a revocable divorce with the Jordanian Sharia Court on September 12th, 1981 which became final/irrevocable on December 12th, 1981." (Id.) Thus Plaintiff alleges only that his father obtained a unilateral divorce in Jordan. Plaintiff's opposition brief offers no evidence that Plaintiff's mother participated in the Jordanian Divorce in any way. Plaintiff's opposition brief fails to reckon

6

with the legal significance of the fact that his father obtained a unilateral divorce, not a bilateral divorce.

In federal court, judicial recognition of a decree of a foreign state is a matter of comity. Perrin, 408 F.2d at 109. As already quoted, the Third Circuit in Perrin held that the recognition of a bilateral Mexican divorce, as a matter of comity, did not offend any public policy. Id. at 111. The Court further explained this reasoning:

> Ordinarily, the recognition in the United States of such a foreign decree will depend upon whether at least one of the spouses was domiciled in the foreign state when the decree of divorce was rendered. Certainly "mail order" divorce decrees in which neither spouse has appeared personally in the foreign jurisdiction are not recognized here. And this appears to be equally true in the case of ex parte divorce decrees in which an absent defendant is served only extraterritorially or constructively and does not actually appear or file an answer in the action.

Id. at 109. In the instant case, Plaintiff does not allege that his mother actually appeared in the divorce proceeding in Jordan in 1981, nor that she filed an answer. Nor does Plaintiff allege any facts from which this Court could infer that his mother was served in any meaningful way. Pursuant to Perrin, the Jordanian Divorce is not recognized under Third Circuit law.

The Government also cites the Third Circuit's decision in Morgan:

> We hold that a legal separation for purposes of § 1432(a) occurs only upon a formal governmental action, such as a decree issued by a court of competent jurisdiction that, under the laws of a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties.

Morgan, 432 F.3d at 234. Applying this principle to the instant case, this Court asks whether there is evidence to support a finding that the Jordanian Divorce was issued by a court of competent jurisdiction, under the laws of a nation having jurisdiction over the marriage. The answer is no, Plaintiff has offered no such evidence. The Supreme Court has held: "Under our

7

system of law, judicial power to grant a divorce – jurisdiction, strictly speaking – is founded on domicil."  Williams v. North Carolina, 325 U.S. 226, 229 (1945).   There is no dispute that, at the time of the Jordanian Divorce, Plaintiff's mother and father were both domiciled in the state of Ohio.   Plaintiff contends, however, that both of his parents "obviously submitted personally to the jurisdiction of the Sharia Court."   (Pl.'s Opp. Br. at 22.)   Plaintiff's brief contains no argument or evidence to support this conclusory assertion, and this Court cannot credit it.

The Government has argued that the Jordanian Divorce is not recognized under Third Circuit law because it was not issued by a court of competent jurisdiction, as required by Morgan.   On this basis, the Government moved for summary judgment, arguing that Plaintiff cannot prove that, when his father was naturalized, there was a legal separation, as required by 8 U.S.C. § 1432(a).   Plaintiff has not offered evidence sufficient to persuade a jury that the Jordanian Divorce constitutes a legal separation, for purposes of 8 U.S.C. § 1432(a), and thus has failed to defeat Defendants' motion for summary judgment.

This Court finds that the Government has shown, pursuant to Federal Rule of Civil Procedure 56(a), that there is no genuine dispute as to any material fact and the Government is entitled to judgment as a matter of law.   Plaintiff has failed to meet his burden of proof of entitlement to citizenship.   The Court concludes that Plaintiff is not entitled to United States citizenship.   The motion for summary judgment will be granted, and Judgment will be entered in Defendants' favor on the Amended Complaint in its entirety.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated:   October 15, 2020