UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMAD JAFFAL, | : |
| Plaintiff, | : Civil Action No. 18-5237 (SRC) |
| v. | : **OPINION & ORDER** |
| JOHN THOMPSON et al., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for reconsideration by Plaintiff Imad Jaffal of this Court's Order dated October 15, 2020, which granted the motion for summary judgment by Defendants John Kelly, Lori Scialabba, Jeff Sessions, and John Thompson (collectively, the "Government"). For the reasons that follow, the motion will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

In moving for reconsideration, Plaintiff has submitted a brief that acknowledges the Third Circuit standard for a motion for reconsideration only in the final concluding sentence. The rest

1

of the brief contains new arguments, arguments not presented to this Court in Plaintiff's opposition brief to the Government's motion for summary judgment.  Plaintiff's reconsideration brief presents no arguments to support the conclusion that the Third Circuit standard for a motion for reconsideration has been met.

The result is that this Court has before it a request to get a second bite at the apple – which is not a basis for reconsideration.  For example, Plaintiff's new arguments rely greatly on the proposition that the Third Circuit recognizes "forms of legal separation other than judicial orders, depending on the context, where a judicial imprimatur is not required."  (Pl.'s Br. at 3.)  The key question at this juncture is: did Plaintiff make this argument in his opposition to the motion for summary judgment?  Plaintiff did not.  Rather, Plaintiff previously argued that he met the statutory legal separation requirement based on the formal judicial recognition documented in the Jordanian Divorce.  Plaintiff's previous opposition brief contained one sentence that might conceivably give a hint of his new argument: "Courts have also said that a Court order may not be necessary."  (Pl.'s MSJ Opp. Br. at 15.)  Plaintiff's opposition brief offered no supporting legal authority – which courts? – and did not further develop the point.  Instead, Plaintiff's arguments that followed that statement relied on the reasoning that, in the words of the brief's subheading: "THE DIVORCE ENTERED BY THE SHARIA COURT MUST BE RECOGNIZED AS A LEGAL SEPARATION FOR PURPOSES OF 8 U.S.C. § 1432(a)."  (Pl.'s MSJ Opp. Br. at 18.)  This Court found Plaintiff's arguments unpersuasive, for the reasons explained in the Opinion, dated October 15, 2020, which found that the Government was entitled to Judgment as a matter of law.

In Sarpolis v. Tereshko, 625 F. App'x 594, 599 (3d Cir. 2016), the Third Circuit

referenced "the well-settled rule that reconsideration is improper when a party should have raised an argument earlier." Such is the case here. Had Plaintiff raised these arguments at the proper time, this Court would have considered them; now is too late. Plaintiff's motion for reconsideration will be denied.

For the reasons stated above,

**IT IS** on this 30th day of November, 2020

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 50) is **DENIED.**

                                                               s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.